530 *new*

1   **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2   Name ___Knauff___ ___Sunny___ ___L___
    (Last)           (First)          (Initial)

3
    Prisoner Number #X08475
4   VSPW
    Institutional Address PO Box 96
5   Chowchilla Ca. 93610-0096

FILED

FEB 27 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6
7   **UNITED STATES DISTRICT COURT**
    **NORTHERN DISTRICT OF CALIFORNIA**

8   Sunny Lynne Knauff                          )
    (Enter the full name of plaintiff in this action.)   )
9                                                )   CV 08
                                                 )   Case No. _____ 1148
        vs.                                      )   (To be provided by the clerk of court)
10  Tina Hornbeak                                )
                                                 )   **PETITION FOR A WRIT**
11  _____                     )   **OF HABEAS CORPUS**       JSW
                                                 )
12  _____                     )
                                                 )
13  _____                     )                             (PR)
                                                 )
14  (Enter the full name of respondent(s) or jailor in this action)   )
                                                 )
15  ==================================================

16                  Read Comments Carefully Before Filling In

17  When and Where to File

18          You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23          If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12          (a)    Name and location of court that imposed sentence (for example; Alameda

13                 County Superior Court, Oakland):  Superior Court of California County of Butte

14                 _____ County St. Oroville

15                 Court                           Location  Ca 95965

16          (b)    Case number, if known  CM021308

17          (c)    Date and terms of sentence 11-01-04    21 years  85%

18          (d)    Are you now in custody serving this term? (Custody means being in jail, on

19                 parole or probation, etc.)        Yes ✓    No _____

20                 Where?

21                 Name of Institution: Valley State Prison for Women

22                 Address: 21633 Ave-24 PO Box 99

23                 Chowchilla Ca 93610-0099
       2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  PC 192(a), 12022.5(9)(1)

27  Voluntary Manslaughter with a gun enhancement

28  _____

PET. FOR WRIT OF HAB. CORPUS        - 2 -

1    3. Did you have any of the following?

2        Arraignment:                    Yes ✓      No ____

3        Preliminary Hearing:            Yes ____    No ✓

4        Motion to Suppress:             Yes ____    No ✓

5    4. How did you plead?

6        Guilty ____    Not Guilty ____    Nolo Contendere ✓

7        Any other plea (specify) ___N / A___

8    5. If you went to trial, what kind of trial did you have? N / A

9        Jury ____    Judge alone ____    Judge alone on a transcript ____

10   6. Did you testify at your trial? N/ A        Yes ____    No ____

11   7. Did you have an attorney at the following proceedings:

12       (a)    Arraignment                Yes ✓      No ____

13       (b)    Preliminary hearing        Yes ____    No ✓

14       (c)    Time of plea               Yes ✓      No ____

15       (d)    Trial    N / A             Yes ____    No ____

16       (e)    Sentencing                 Yes ✓      No ____

17       (f)    Appeal                     Yes ✓      No ____

18       (g)    Other post-conviction proceeding N/A Yes ____    No ____

19   8. Did you appeal your conviction?          Yes ✓      No ____

20       (a)    If you did, to what court(s) did you appeal?

21              Court of Appeal            Yes ✓      No ____

22              Year: 2005    Result: Denied

23              Supreme Court of California    Yes ✓    No ____

24              Year: 2006    Result: Denied on 2/13/08

25              Any other court            Yes ____    No ✓

26              Year: _____    Result: _____

27

28       (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS        - 3 -

petition?                                          Yes ✓    No____

(c)  Was there an opinion?                         Yes ✓    No____

(d)  Did you seek permission to file a late appeal under Rule 31(a)? N/A

                                                   Yes ____  No____

If you did, give the name of the court and the result:

_____

_____

9.  Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes ____  No ✓

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

(a)  If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

    I.  Name of Court: _____

        Type of Proceeding: _____

        Grounds raised (Be brief but specific):

        a._____

        b._____

        c._____

        d._____

        Result: _____ Date of Result: _____

    II.  Name of Court: _____

        Type of Proceeding: _____

        Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1       a._____

2       b._____

3       c._____

4       d._____

5       Result:_____ Date of Result:_____

6   III.    Name of Court: _____

7       Type of Proceeding: _____

8       Grounds raised (Be brief but specific):

9       a._____

10      b._____

11      c._____

12      d._____

13      Result:_____ Date of Result:_____

14  IV.     Name of Court: _____

15      Type of Proceeding: _____

16      Grounds raised (Be brief but specific):

17      a._____

18      b._____

19      c._____

20      d._____

21      Result:_____ Date of Result:_____

22  (b)     Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                              Yes _____    No _✓_

24      Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26      State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1   need more space. Answer the same questions for each claim.

2       [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3   petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5       Claim One: ~~5th amendment violation,~~ 14th amendment ~~violation~~

;       6th amendment violation,

'       Supporting Facts: The court violated my rights by ~~giving me~~

8   upper term on both the controlling case and the ~~enhancement,~~

9   based on statements made by ~~myself in a presentence interview~~

10   outside of the ~~advise of council. Then used these same~~

11       Claim Two: ~~6th amendment violation and 14th amendment~~

12       violation.

13       Supporting Facts: There are cases that have concluded that

14   beyond a prior conviction, which does not apply to me (Ex C 1&2)

15   any fact that increases a penalty for a crime beyond the statu

16   statutory maximum, which would be mid term, must be tryed and

17   proven. Claim Three:

18

19       Supporting Facts:

20

21

22

23       If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS     - 6 -

Continuing supporting facts claim one

1 | statements therof to sentence me. (see exibits A&B PP1-3)   The

2 | The judge made several statements to the fact that he had

3 | considered these reports.  Once these factors are no longer

4 | relavent there must be a recalculation og aggrivaing and

5 | mitigating factors. (see ex D p1)  As to the mental condition

6 | that should also be factored into the equation of mitigating

7 | factors.  Also see that the facts that are used to establish

8 | aggrivation came from others also culpable in the crime

9 | wanting to take the focus of of themselves.  (ex C 1&2) Court

10 | used these same sources for aggrivating the gunuse enhancement as

11 | well.(Ex E)

proved beyond a reasonable doubt.  A sentencing courts authority
to impose an aggrivated sentence depends upon addition fact
finding by a jury trial and proof beyond a reasonable doubt
on those facts.  The court commited error in going beyond the
facts established not supported by the plea in and of itself.
The federal sentedncing guidlines violate the 6th amendment
right to a jury trial by providing for an increase to max term
of presumptive sentencing ranges based on facts that are found
by a sentencing judge rather than heard by or decided by a jury,
(ex B p4&5) There was a timely objection to the upper term. (ex F)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
17
19
20
21
22
23
24
25
26
27

28

1     List, by name and citation only, any cases that you think are close factually to yours so that they

2 are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3 of these cases: Apprendi v New Jersey(2000)120 S.Ct. 2348 pp 2354-2366, Ring v Arizona

4 122 S.Ct 2428, Blakely v. Washington(04) 542 US ___, U.S. v Booker(05)

5 543 US ___, U.S. v Lauder(2ndcir 1999)168 f 3d 276, Miranda v Arizona

6 (1966)384US 436, U.S v Powel(1978)591 F2d 833, Grobert v

7 Do you have an attorney for this petition?                    Yes_____     No ✓

8 If you do, give the name and address of your attorney:

9 _____

10     WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11 this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13 Executed on   *2 - 18 - 08*                        

14          Date                              Signature of Petitioner

15

16

17

18

19

20 (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS      - 7 -

# EXHIBIT A

## PLEA OF GUILTY/CHANGE OF PLEA

☐ Court grants DA's motion to amend Complaint /Information to add count(s) _____ ,violation of _____ ☐ felony ☐ misd
☐ On motion of the People, complaint amended on its face by striking "Felony" and adding "Misdemeanor" on count(s) _____
☐ Defendant waives formal arraignment, advisement of rights and reading of the amended Complaint/Information
☐ Defendant advised of the maximum punishment.☐Defendant permitted to withdraw previous plea of not guilty.
☐ Defendant pleads ☐ GUILTY ☐ NO CONTEST to count(s) _____ ☐ B.A.C. _____
☐ Defendant pleads GUILTY with deferred entry of judgment to count(s) _____ , conditions incorporated herein.
☐ Parties stipulate to deferred entry of judgment. ☐ Counsel enters plea on behalf of defendant.
☐ Defendant admits ☐ priors/enhancements ☐ VOP as to violating allegation(s) _____ ☐ allegation(s) ____ dismissed/stricken
       ☐ Court takes judicial notice of the plea entered in case_____ and finds defendant in violation of probation.
       ☐ Prior(s) found ☐ valid ☐ invalid       ☐ Court finds defendant in violation of probation
☐ Case dismissed ☐ Count(s)_____ dismissed on DA's motion ☐ with a Harvey Waiver ☐ pursuant to a negotiated
    disposition.   ☐ Enhancements/priors ☐ stricken  ☐ _____ . ☐ in the interest of justice.
☐ Defendant is advised /understands that a VC23103/23103.5 conviction can be charged as a prior, increasing penalties on a subsequent
    conviction of VC23152a/b.

## WAIVER OF RIGHTS

☐ Defendant advised of, understands, and knowingly and voluntarily, expressly and explicitly waives the following rights
       ☐ to counsel  ☐ privilege against self-incrimination  ☐ to jury trial/court trial  ☐ to confront/cross-examine witnesses
       ☐ to probation/parole hearing.
☐ After questioning the defendant, the Court find the defendant understands the nature of the charge(s), the elements of the offense, the
    pleas/defenses thereto, the possible range of penalties and other consequences of the plea (including effects of admission to any priors)
       ☐ No threats and promises  ☐ Defendant not under influence of drugs/alcohol  ☐ advised of DMV suspension
☐ Court finds a factual basis for the plea ☐ Counsel stipulates to factual basis ☐ Probable cause for arrest
☐ Defendant is advised this conviction ☐ may serve as a basis to revoke probation or parole ☐ may make you ineligible for Diversion in the
    future ☐ Defendant advised per PC1016.5    ☐ per PC 12021 (c)(1)
☐ Counsel consents to the ☐plea ☐ admission    ☐ Counsel waives rights on behalf of the defendant
☐ Above waivers taken as to admitted prior/enhancements ☐ Defendant advised of enhancement on subsequent convictions
☐ Court accepts ☐ plea ☐ admission ☐ Written Plea of Guilty/No Contest signed, incorporated in and made part of the record
☐ Pre-sentence probation report ordered ☐ Probation report waived ☐ Arbuckle waiver taken ☐ Time waived for sentencing

## JUDGMENT/SENTENCE

☒ Deft. waives formal arraignment and states there is no legal cause why sentence and judgment should not now be pronounced..
☒ Court has received, read and considered the ☒Orig ☐Suppl Probation Rpt executes same to be filed ☐ the 1203.03 PC Report ☐Statement
    in ☐ Aggravation ☐ Mitigation ☐ PC288.1 Report ☐ Other:_____
☒ Court finds defendant guilty of the crime(s)☒ Court determines there is a factual basis for the ☒ plea/conviction ☐admission of VOP
☐ Court ☐does ☐does not find this to be an unusual case.
☒ The Court finds: ☐defendant has violated probation ☐enhancement(s) to be true
☐ Imposition of sentence is suspended and deft is placed on ☐ Summary ☐ Formal  probation for a term of _____months.
☐ Probation is ☐ reinstated ☐continued on all prior terms and conditions of probation ☐ modified as set forth in the attached terms and
    conditions.
☐ Defendant accepts conditions of probation  ☐ Probation order incorporated herein  ☐ Defendant furnished copy of conditions
☒ Defendant's request for probation is denied. ☐ Probation is terminated ☐ Successfully ☐ Unsuccessfully
☐ Defendant to serve _____ ☐ months ☐ days ☐ hours in jail ☐ Plus _____ days for ☐ FTA ☐ VOP ☐ In lieu of fine
☐ _____ months _____ ☐days _____ ☐ hours ☐ suspended ☐ credit for time served pursuant to PC2900.5 o Terminal Sentence
☐ Sentence to be served ☐ consecutively ☐ concurrently with any other sentence ☐ Work hours ☐ fine converted to  jail time.
☐ Defendant to report to jail by _____ at _____          ☐ Weekends authorized. ☐ TB test
☐ Counsel  stipulate to alternative programs  ☐ Release programs    ☐ authorized ☐ denied        ! I.I.D. ordered
☐ Pay a fine of $_____ ☐ Pay Restitution Fund fine of $_____ . _____ Pay to ☐ Superior Court ☐ County Central Collections
☐ Fine due by _____          ☐ Payable at $_____ . ____ per month, beginning _____
☐ 1214.1(a) PC and fine accelerated advisement          ☐ Sentence suspended ☐ on count(s) _____
☐ Complete _____ hours on Court Work Program    ☐ Report to Compliance Specialist on _____ at _____
☐ Pay $25 dollar fee.                                  ☐ Defendant sworn, testified and declares critical need to drive
☐ License restricted _____ per VC 13202.5        ☐ Attend _____ school
☐ License suspended/revoked _____ ☐ days ☐ months ☐ years   ☐ File proof of completion by _____
☐ Pay Criminal Justice Administration Fee – GC29550.1/29550.2   ☐ Attend AA/NA meetings _____ times per week and keep log
☒ Defendant advised of right to appeal                 ☐ Bail is exonerated.

☐ Court is advised that $_____ in expenses have been incurred in attorneys fees.
☐ Matter is referred to Court Compliance for determination of defendant's ability to pay
☐ Court finds defendant does not have the ability to reimburse

_Mr Hoctecunt requests that the probation report be_
_released_ _Read in_ _argument. Multa in gitted_
_____nants Mr. Hoctecunt moltes___

(1)

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF BUTTE

```
· PEOPLE -vs- KNAUFF, SUNNY LYNNE                    ** CASE NBR: CM021308 **
  COMPLAINT FILED:  5/21/04      1. 187(a)PC
  CUSTODY STATUS: (NOBAIL)         1465.8PC
  APPEARANCE: B12  9/17/04  8:30 am  PRELIMINARY HEARING
                                     *SPECIAL SET
```

| JUDGE | ROBERT GLUSMAN | CLERK | A. VIRAMONTES | CSR | R. WELLS |
|---|---|---|---|---|---|

| APPEARANCES | WARRANTS |
|---|---|

**APPEARANCES**
- ☑ Deputy DA  C. Carlos
- ☑ Defendant ☑ present ☐ by video ☐ not present
  - ☐ without attorney ☑ in custody
- ☑ with/by attorney  D. HOPTOWIT
- ☐ Appearing PC977 ☐ Special appearance by _____
- ☐ PC977 ☐ waiver executed in open court ☐ filed
- ☐ Probation Officer _____
- ☐ _____ present/sworn to interpret _____

**WARRANTS**
- ☐ Defendant fails to appear ☐ Bail forfeited
- ☐ _____ warrant ordered ☐ DA to file Decl for A/W
- ☐ Bench/Arrest warrant ordered ☐ Bail fixed at $ _____
- ☐ Probation revoked ☐ OR revoked ☐ No cite & release/OR
- ☐ Warrant recalled ☐ Released ☐ Held until _____
- ☐ Bail forfeiture set aside ☐ Bail ☐ reinstated ☐ exonerated
- ☐ Motion of bondsman or surety to set aside forfeiture is
- ☐ granted ☐ denied ☐ costs $ _____

## ARRAIGNMENT

- ☐ Defendant acknowledges true name as charged        ☐ True name is _____
- ☐ Defendant is provided copy of the ☐ complaint ☐ information ☐ indictment  ☐ Defendant is advised of the charges/allegations
- ☐ Counsel accepts appointment  ☐ Court grants _____ motion to substitute in as counsel for defendant.
- ☐ Defendant /counsel waives arraignment, reading of the ☐ complaint ☐ information ☐ indictment ☐ VOP petition and advisement of rights.
- ☐ Statement of Rights signed, incorporated in and made part of the minute order ☐ Defendant's financial statement filed
- ☐ Defendant informed of rights to ☐ counsel ☐ reasonable bail ☐ jury/court trial ☐ confront/cross examine witnesses
- ☐ against self incrimination ☐ speedy trial ☐ VOP hearing ☐ to a preliminary examination within 10 Court days following arraignment
- ☐ Defendant advised ☐ maximum penalties ☐ minimum mandatory penalties ☐ of enhancement on subsequent convictions ☐ that if on
  probation or parole, same may be revoked ☐ per PC 1016.5 ☐ possible assessment of Public Defender fees
- ☐ Public Defender _____ appointed ☐ Public Defender _____ relieved
- ☐ Defendant to retain counsel                              ☐ Private Counsel _____ appointed
- ☐ Court finds defendant understands right to an attorney and to the appointment of an attorney at State expense if unable to obtain his/her own
  and knowingly and voluntarily waives the right to counsel. ☐ Defendant advised of risks of self-representation pursuant to Faretta.
- ☐ Defendant executes extradition waiver. Court executes same.

| PLEA OF NOT GUILTY/WAIVERS | CALENDAR SETTINGS |
|---|---|

**PLEA OF NOT GUILTY/WAIVERS**
- ☐ Defendant ☐ pleads not guilty cts: _____
- ☐ denies ☐ enhancements/priors ☐ V.O.P.
- ☐ Defendant understands and personally waives right to jury trial
  - ☐ waives right to speedy trial ☐ Counsel joins in waiver(s)
- ☐ Case(s) _____ consolidated for purpose of trial.
- ☐ Counsel stipulate to submit the preliminary hearing on the police
  reports ☐ Defendant waives one sitting rule.

**CUSTODIAL STATUS**
- ☑ Defendant ☑ remanded to the custody of the Sheriff
- ☑ without bail ☐ subject to ☐ $ _____ bail ☐ PC1275
- ☐ the terms /conditions of probation ☐ parole/probation hold
- ☐ on other jurisdiction ☐ pending processing for release on
- ☐ Released on ☐ O.R. ☐ bail ☐ probation ☐ with conditions
- ☐ Released on Diversion ☐ Request for O.R. ☐ granted ☐ denied
- ☐ Court orders that an O.R. work up be prepared
- ☐ To report to Probation by _____ ☐ forthwith
- ☐ To comply with PC136.2 orders
- ☐ Comply with civil order _____ commencing _____
  and waiver of extradition.
- ☐ To Serve Time Imposed
- ☐ Discharged _____

_____ ☐ Processing (2 Fiche) W

**CALENDAR SETTINGS**
- ☑ Deft ordered to appear ☑ BCCH ☐ DO ☐ C ☐ P ☐ G
- ☑ Continued on ☐ People's Motion ☑ Defense Motion
- ☐ By Court ☐ By Stipulation ☐ By Probation
- ☐ Further Arraign./EOP _____ at _____
- ☐ Pretrial/Dispo set _____ at _____
- ☐ Preliminary Hearing _____ at _____
- ☐ Trial Readiness Conf. _____ at _____
- ☐ Jury trial ☐ confirmed _____ at _____
- ☐ Court trial _____ at _____
- ☐ Admit/Deny VOP _____ at _____
- ☐ VOP/Evidentiary Hearing _____ at _____
- ☑ Probation/Sentencing  10-18-04  B12  at 8:30○
- ☐ Dispo following VOP _____ at _____
- ☐ Diversion Hrg/Review _____ at _____
- ☐ D.V OR Hrg/Review _____ at _____
- ☐ Continued to _____ at _____
- ☐ for _____
- ☐ Deft. ☐ does ☐ does not waive time ☐ limited time waiver
- ☐ Time waiver withdrawn ☐ Special set ☐ time est _____
- ☐ Vacated _____
- ☐ Case(s) trailing pursuant to Standing Order BCSC 2003-9
  (a) Mr. Heprowt advises that the defendant
  will not participate in any interview with
  probation and that any information will
  be submitted see next page ○

(2)

1   The matter will be referred to Probation for

2   presence report.

3          MR. CARLOS:  Your Honor, is that the only

4   pending matter against Ms. Knauff?

5          THE COURT:  It's the only one we pulled.  If

6   there are other matters --

7          MR. CARLOS:  She's on misdemeanor probation

8   in CM017188.  It's A Penal Code Section 476 case.

9          THE COURT:  That's the one I mentioned.

10          MR. CARLOS:  Okay.  She was also in Prop 36

11   at the time in NCR83318 and the other one was

12   previously dismissed.

13          THE COURT:  To the extent she was still in

14   active Prop 36, the Court will find her in violation

15   of that as well and find her in violation.

16          MR. HOPTOWIT:  I just wanted to make sure we

17   didn't have any loose ends.

18          THE COURT:  I want to pull them all together

19   and refer them all.  Is time waived for sentencing?

20          MR. HOPTOWIT:  No.

21          THE COURT:  Will you waive one day?

22          MR. HOPTOWIT:  Yes.

23          THE COURT:  All right.  We'll set sentencing

24   on October 18th.  That will be at 8:30.  Yes, 8:30.

25          MR. HOPTOWIT:  Your Honor, I would ask that

26   the clerk put on the referral that Ms. Knauff will not

                            5

1    participate in any interview with Probation.  She's

2    declining to be interviewed by Probation.  If we are

3    going to provide a statement we'll provide it in

4    writing directly to Probation, to the Court and to the

5    prosecution and I'm going do write them a letter to

6    that effect.

7              THE COURT:  Would Probation have information

8    on Ms. Knauff from prior reports?

9              MR. HOPTOWIT:  Yes.

10             MR. CARLOS:  Yes.

11             THE CLERK:  She's on court probation in

12   CR33818.

13             THE COURT:  Probation will be revoked.  In

14   that matter probation revoked as well.

15             Ms. Knauff will be held without bail pending

16   sentencing.  Thank you, Mr. Hoptowit and Mr. Carlos.

17

18

19

20

21

22

23

24

25

26

                              6

# EXHIBIT B

1    OROVILLE, BUTTE COUNTY, CALIFORNIA, NOVEMBER 1, 2004

2         THE COURT:  All right, Ms. Knauff is present in

3    custody with her attorney, Mr. Hoptowit.  The People are

4    represented by Mr. Carlos.

5         Are the parties ready to proceed?

6         MR. CARLOS:  Yes, Your Honor.

7         MR. HOPTOWIT:  Yes.

8         THE COURT:  The Court has received, read and

9    considered the probation officer's report and signed it

10   to so indicate.

11        Mr. Hoptowit, does your client waive formal

12   arraignment for judgment and sentence?

13        MR. HOPTOWIT:  Yes, Your Honor.

14        THE COURT:  Any legal reason or cause why

15   judgment and sentence cannot now be pronounced?

16        MR. HOPTOWIT:  No, Your Honor.

17        THE COURT:  I will note that the Court did not

18   receive sentencing statements from either party.  It's

19   the Court's intent to impose the upper term on the

20   voluntary manslaughter with an upper term enhancement

21   for the gun use.

22        Counsel wish to be heard?

23        MR. HOPTOWIT:  I do, Your Honor.

24        First of all, I would ask if the Court records

25   reflect that I had requested that the Court and the

26   court staff communicate with probation advising them

                                                   7

(1)

```
 1   that my client did not want to be interviewed by them.
 2   I hope some of us recall that.
 3            THE COURT:  The clerk's minute order of
 4   September 17th indicates that.  I cannot say whether
 5   probation was contacted with that information.
 6            MS. WHITLOCK:  No, we were not.
 7            THE COURT:  Does that have any effect on us
 8   going forward today?
 9            MR. HOPTOWIT:  It doesn't.
10            THE COURT:  To the extent necessary, the Court
11   apologizes.  It was reflected in the notes and Ms. Swint
12   was present when it happened, so.
13            MR. HOPTOWIT:  In that regard I have two
14   requests.  Number 1, the Court disregard any of her
15   statements in making the sentence choices in this
16   matter, and further, that the Court order that her
17   probation report be sealed in as much it contains
18   statements that were made outside the advice of counsel,
19   and this Court was on notice as was probation, by being
20   present, that she declined to be interviewed by
21   probation.
22            THE COURT:  Mr. Carlos, on that issue alone?
23            MR. CARLOS:  Your Honor, I'll submit it.
24            THE COURT:  The Court will seal the probation
25   report.  The Court is not relying on the statements of
26   Ms. Knauff in reaching the sentencing choices it must
```

8

1          THE COURT:  Let me go through -- before I do the

2      sentencing let you know the factors in aggravation the

3      Court intends to consider.

4          The crime in this matter obviously involved

5      great violence and great bodily injury.  The gentlemen

6      died.  It appeared from the probation report that he was

7      either sitting passively or was sleeping at the time

8      that he was shot through the head with the rifle that

9      has been associated with the defendant.  The matter was

10     originally charged as a first degree murder with special

11     circumstances.  And frankly, other than the possible

12     failure of witnesses to convince a jury based upon their

13     status, drug addiction or otherwise, it looks to the

14     Court as if this was indeed a first degree murder case

15     with special circumstances.

16         The Court was not privy to the plea bargain

17     negotiations that occurred between the People and the

18     Defense.  That does not change the Court's mind.

19     Voluntary manslaughter must be premised upon a crime

20     that's involved in a heat of passion or imperfect self

21     defense.  As much I tried, I cannot wrap these facts

22     around any of these theories of voluntary manslaughter.

23     The Court will find the victim was particularly

24     vulnerable, sitting in a chair in his living room with

25     his back to the shooter, apparently, from the forensics

26     that were revealed in the probation report and may have

11

1    been asleep.

2          Defendant went to the victim's home with the
3    intent -- with the possession of a firearm with the
4    intent to rob him of drugs and money, and that had been
5    articulated to others through their statements not
6    through her statement.  The defendant was on probation
7    at the time of the crime, her ostensibility will go to
8    her statement.  Well, others testified that she had told
9    them -- not testified, but told probation that she went
10   there to steal some money so she could get into a drug
11   program to avoid incarceration in the Prop. 36 Court.

12          The Court finds all of those to be factors in
13   aggravation.  The Court cannot identify any factors in
14   mitigation other than perhaps the defendant does not
15   have a significant prior record; although, her prior
16   record does involve 3 misdemeanors that she's in
17   violation of probation on as a result of this matter.

18          So I'll hear from Counsel on each of those, if
19   you wish.

20          MR. HOPTOWIT:  Your Honor, I think it's
21   inappropriate for the Court to consider that the crime
22   involved great violence and great bodily injury as much
23   that homicide by definition probably involves all of
24   those things.  Secondly, I would object to the Court
25   considering any factors in aggravation that are not
26   supported by the plea in and of itself.  Inasmuch as the

12

(4)

1    way I read these cases they sort of are self-fulfilling
2    because the constitution requires that a person be
3    advised of the potential maximum penalty and that a plea
4    form also requires that.
5        So that the Court has some basis for making a
6    finding that a defendant makes a knowing and
7    intelligently, freely, voluntary waiver of his rights
8    with a full understanding of the potential consequences.
9    And way I read Wagner in those cases is that if you have
10   a jury verdict then you have facts before you.  But
11   beyond that you simply have the plea to the offense, and
12   basically the minimal facts necessary to judicially
13   sustain the conviction I think requires a trial or an
14   admission or facts, unless you're relying of course on a
15   persons' prior record.  So to the extent that any of the
16   circumstances that the Court is relying upon that don't
17   meet that criteria I would object so that Ms. Knauff's
18   appellate rights are protected.
19       Finally, Your Honor, I would indicate that there
20   was an early admission of responsibility for the death.
21   The circumstance as to what that death was, whether it
22   was a first degree murder or a manslaughter or whatever,
23   are irrelevant to early admission, responsibility, and
24   to the use of the firearm.  So I think a minimally
25   significant prior record and early admission of
26   responsibility, the fact that this young woman has never

13

(5)

# EXHIBIT C

1   way I read these cases they sort of are self-fulfilling
2   because the constitution requires that a person be
3   advised of the potential maximum penalty and that a plea
4   form also requires that.

5           So that the Court has some basis for making a
6   finding that a defendant makes a knowing and
7   intelligently, freely, voluntary waiver of his rights
8   with a full understanding of the potential consequences.
9   And way I read Wagner in those cases is that if you have
10  a jury verdict then you have facts before you.  But
11  beyond that you simply have the plea to the offense, and
12  basically the minimal facts necessary to judicially
13  sustain the conviction I think requires a trial or an
14  admission or facts, unless you're relying of course on a
15  persons' prior record.  So to the extent that any of the
16  circumstances that the Court is relying upon that don't
17  meet that criteria I would object so that Ms. Knauff's
18  appellate rights are protected.

19          Finally, Your Honor, I would indicate that there
20  was an early admission of responsibility for the death.
21  The circumstance as to what that death was, whether it
22  was a first degree murder or a manslaughter or whatever,
23  are irrelevant to early admission, responsibility, and
24  to the use of the firearm.  So I think a minimally
25  significant prior record and early admission of
26  responsibility, the fact that this young woman has never

                                                            13

1   been on formal probation previously, that her prior

2   record consists of misdemeanors, the Court is denying

3   probation because of the nature of the offense, are all

4   factors in mitigation that could serve to balance any

5   facts that this Court may consider with or without

6   Blakely, and therefore the Court should impose the mid

7   term.

8             To the extent the Court's going to rely on facts

9   in the probation report, I would simply indicated that

10   the two persons for whom those facts are used from are

11   two persons who were at best, accessories, more than

12   likely aiders and abetters, and the facts would equally

13   support given who the owner of the firearm was, who the

14   driver of the vehicle was, that either of them were

15   involved in the actual killing of the deceased here as

16   much as Ms. Knauff, who was sort of last in line to be

17   talked to, and therefore charged, and one can easily

18   envision a scenario where if she was spoken to first and

19   then the other two in order that the third person in

20   that sequence would been charged with the first degree

21   murder.

22             THE COURT:  A couple of comments.  First of all

23   with regard to the Blakely constitutional issue, that

24   matter is I think well articulated at this point as part

25   of the record and subject to appeal.  I will note that

26   the Blakely case differed from the California scheme in

14

# EXHIBIT D

1  avoid returning to jail for a probation violation (testing positive for drug use). She later

2  "bragged" about murdering the victim to enhance her status in the drug subculture. The

3  defendant then involved a thiru party when she again appeared to use sex as a tool to

4  manipulate her partner in the destruction of the murder weapon. There appears to be no

5  motive for committing the crime. According to autopsy findings, the victim was asleep when

6

7  shot in the back of the head. It is noted that the defendant has a mental condition (bi-polar

8  disorder) and a severe drug addiction. In view of the brutality of the crime, and the numerous

9  opportunities the defendant has had to address her drug problem, it does not appear she is

10  amenable to treatment. Based on the aforementioned, the defendant's case does not appear to

11  be unusual nor does a grant of probation appear to be in the best interests of justice.

12

13  Further, based on the seriousness of the crime and the callous nature of the defendant,

14  she does not meet the criteria established for a grant of probation in Rule of Court 4.414.

15  Pursuant to Rules of Court 4.408, 4.421, and 4.423, the upper term appears to be an

16  appropriate sentence in Count I, and the Special Allegation, in that the circumstances in

17  aggravation outweigh the circumstances in mitigation. In mitigation, the instant offense

18  appears to be the defendant's first felony conviction. In aggravation, the defendant was on

19

20  probation upon commission of the instant offense (CM-017188 and NCR-83318). She

21  performed poorly while on probation. The defendant's drug induced state upon commission of

22  the instant offense is viewed as an aggravating circumstance, not an untreated illness. The

23  victim was particularly vulnerable. He was shot in the back of the head as he slept. The

24  defendant, with the intent to rob the victim, exercised a high degree of vicious callousness

25  when she chose to kill him. She planned to commit the crime, as evidenced by the fact she

26

27  spoke about it for several days while seeking a loaded gun. The defendant induced two other

28  people to participate in the crime. She threatened to harm one person who could place her at

People vs. Sunny Lynne Knauff                32                CM-021308, CM-017188 (VOP)
                                                                              NCR-83318 (VOP)

# EXHIBIT E

1  Court would deny probation in this matter making

2  findings that the nature, seriousness and circumstances

3  of this case are extraordinary, the manner in which the

4  crime was carried out demonstrated some degree of

5  criminal sophistication.  She went to the victims' home

6  with a loaded weapon with the intent to rob him.  The

7  defendant's prior record of criminal conduct indicated a

8  pattern of regular and increasingly serious criminal

9  conduct and the defendant's prior performance on

10  probation has been unsuccessful.

11      The Court's intent is to impose the upper term

12  as base term for voluntary manslaughter finding

13  circumstances in aggravation and mitigation -- excuse

14  me, finding circumstances in aggravation outweigh those

15  in mitigation.  The Court is also going to impose the

16  upper term for the enhancement.  Findings on the

17  enhancement includes the fact she not only possessed the

18  weapon, but showed it and used it.  She discharged the

19  firearm.  Another enhancement could have been added

20  which would have been a 20 year enhancement, but was

21  not.  The Court will therefore impose the upper term of

22  10 years on that enhancement.

23      With the regard to the underlying offense, 192,

24  the Court will find the crime involved great violence.

25  The victim was particularly vulnerable, the crime was

26  premeditated -- at least the entry of the home to commit

18

( 1 )

# EXHIBIT F

**MISCELLANEOUS MINUTES**

Defendant _Knauff, Sunny Lynne_ Case No _CM 021308_

[ ] Matter comes before the court for _Probation Report and Sentencing_
[ ] Court has read and considered the documents filed by [ ] People [ ] Defendant [ ] Other
[ ] Counsel heard in argument. [ ] Matter is submitted.
[ ] Motion(s) [ ] granted [ ] denied [ ] for the following reasons:_____

_____

[ ] Other: _Mr. Hoytamit objects to the Upper term_
_pursuant to People v. Blakely_
_Counsel heard in argument_
_____
_____
_____

**P R O O F   O F   S E R V I C E**

_Sunny Knauff_ ,          )   Cs. No. _CM021308_
Petitioner/Defendant,)
                                        )      (FRCivP Rule 4)
              v                         )      (FRCivP Rule 5)
                                        )   (CCP §§1011, 1012)
_Tina Hornbeak_ ,              )   (CCP §§1013, 1013(a))
Respondent(s)              )

I, the undersigned, certify that I am over the age of eighteen
years, and a (✓) party/(__) non-party to this action.

On _____, 200_6_, I served copy of _Federal writ_
_of Habeas Corpus_ _____

_____

(✗) by placing in an envelope addressed to the person(s) herein listed,
and by depositing envelope with Correctional Officer _Turley_ with
First Class postage (or CDC-193) attached and for delivery to the United
States Postal Service; or (__) by personal service upon person herein
listed at _____ hours:

I declare under the penalty of perjury that the foregoing is
true and correct. Executed this _18_ day of _February_ 200_8_
at _Chowchilla_ , _California_ in _Madera_ County.
       (city)                (state)           (county)

_____
(signature)        DECLARANT
Print Name _Sunny Knauff_
Valley State Prison for Women
W# _X08475_, Unit _D1_ Dorm _04_ Bed _4 UP_
Address _P.O. Box 96_
City _Chowchilla_ , State _CA_
Zip _93610-0096_

Sunny Moultrie x08465
USPW, PI-04-WUP
Po Box 96
Chowchilla, Ca
93610-0096

RECEIVED

FEB 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT.
NORTHERN DISTRICT OF CALIFORNIA

U.S. District Court
450 Golden Gate Ave
San Francisco, CA
94102-3483